HOWARD E. BREWER v. SOUTHERN RAILWAY COMPANY.

(Filed 5 June, 1942.)

1. **Evidence § 28: Master and Servant § 27—Evidence of condition of plaintiff's shoe some time after accident, without more, held no evidence of condition of place plaintiff stood at time of accident.**

   Testimony of plaintiff that he saw paint on the bottom of his shoe some four months after the accident, and testimony of a witness that soon after the accident he saw paint on the heel of plaintiff's shoe, without evidence as to the condition of the shoe before the accident or evidence that care was taken to keep the shoe in the same condition it was in at the time of the accident, is no evidence that the platform or step on which plaintiff was standing at the time he slipped and fell to his injury had wet paint on it or any other foreign substance, and fails to sustain plaintiff's allegation, in his action under the Federal Employer's Liability Act, that defendant was negligent in permitting the step or platform on which plaintiff was required to work in the course of his duties in interstate commerce, to become covered with wet paint, dust, or other substance.

2. **Master and Servant § 27—Evidence held not to sustain allegation that railroad car was equipped with defective brake.**

   In this action under the Federal Employer's Liability Act, plaintiff's evidence tended to show that the brake used was approved and in general

use and that in its operation it would turn to the left upon a slight pull. Plaintiff testified that when he slipped and fell from the brake step he caught the brake wheel, which turned to the left and thus failed to provide him with a stationary grip to prevent his fall. *Held:* Plaintiff's evidence fails to support his allegation that the brake in question was defective and is no evidence of negligence on the part of the employer in this respect.

APPEAL by plaintiff from judgment as in case of nonsuit, entered upon motion of defendant when the plaintiff had introduced his evidence and rested his case, C. S., 567, by *Armstrong, J.,* at January Term, 1942, of FORSYTH.

This is an action to recover damage for personal injury to an employee alleged to have been negligently caused by an employer engaged in interstate commerce brought under the provisions of "An Act Relating to the Liability of Common Carriers by Railroad to Their Employees in Certain Cases," commonly known as the "Federal Employer's Liability Act." The plaintiff was employed as a yard brakeman by the defendant, and was injured by falling or being thrown from a brake platform or step on the end of a boxcar just after he had applied the brake thereon to render the position of the boxcar stationary.

The defendant is alleged to have been actionably negligent in two respects: first, that the brake platform or step upon which the plaintiff was compelled to stand while applying the brake had been recently painted and was wet and slippery and that there had been allowed to collect on this brake platform or step dust, lime, crushed rock, or similar substances, which caused the plaintiff's foot to slip and him to fall from the platform or step to the ground to his injury; and second, that the brake which the plaintiff was compelled to operate was defective in that it would turn to the left upon a slight pull, when it should have been so constructed as to remain in a fixed position.

The sole exceptive assignment of error in the record is ". . . that the court erred in dismissing this action as of nonsuit . . . for the reason that the evidence shows that the defendant was negligent in at least two respects, *i.e.,* a defective condition of the brake platform and a defective brake, which negligence proximately caused his injury."

*J. Paul Stevens, Roy L. Deal, and J. M. Wells, Jr., for plaintiff, appellant.*

*Womble, Carlyle, Martin & Sandridge for defendant, appellee.*

SCHENCK, J. The first allegation of actionable negligence on the part of the defendant, namely, that the defendant had negligently allowed wet paint, dust or similar substance, on the brake platform or step upon which plaintiff was compelled to stand to apply the brake of the boxcar,

BREWER *v.* R. R.

which caused him to slip and fall to the ground to his injury, is not sustained by the evidence. The plaintiff's own testimony is insufficient to support this allegation. He testified: "I did not see any paint or dust on this brake step," that he made a statement as to how the accident occurred in which statement he said: "I do not know whether there was anything like grease or other foreign substance on the step, as I didn't examine it, and that is a fact"; that the car looked like it had been freshly painted, it was bright and shiny, "it was a new looking car, I don't know whether it was wet or not. I don't know even now that it was wet; . . . I didn't notice anything on the brake step. The only thing I know about dust and paint being on that brake step is what I found on my shoe when I saw that shoe about four months later; that is all I have to go by." The testimony of the plaintiff that he saw paint on the bottom of his shoe four months after the accident is not sufficient to bridge the hiatus in the proof. It is not shown when or how the paint got on the shoe. The condition of the shoe before the accident is not disclosed, and four months elapsed after the accident before the paint was noticed on the shoe, and it is not shown that in the meantime care was taken to keep the shoe in the same condition, or that the paint may have gotten on the shoe either before or after the accident. The testimony of the plaintiff's witness McCrowell to the effect that soon after the accident he "noticed a little streak of red paint on the heel of his (plaintiff's) shoe, and that was on the heel of his left shoe," is likewise insufficient to support the allegation, when considered either alone or in connection with the other evidence, since there is an absence of any evidence as to the condition of the shoe prior to the accident. The question of the defendant's actionable negligence is left in the realm of speculation and conjecture. *Chicago, Milwaukee & St. Paul Ry. Co. v. Coogan,* 271 U. S., 472, 70 Law. Ed., 1041.

The second allegation of actionable negligence on the part of the defendant, namely, that the defendant furnished and equipped the boxcar, from the brake platform or step of which the plaintiff fell, with a defective brake, which permitted the wheel of the brake to turn to the left upon a slight pull by the plaintiff, when it should have remained stationary, which caused the plaintiff to fall to the ground to his injury, is likewise unsupported by the evidence.

The plaintiff's own testimony discloses that the brake involved was a Minor Brake, and there is no evidence in the record that such a brake is not a brake in general and approved use, but to the contrary effect the plaintiff testified: "Any man who has been railroading for any length of time and doesn't know a Minor brake wouldn't be much of a man. We have to use that brake but I don't know whether it is in general use. Any railroad man knows a Minor brake. They come in contact

with them every day. I say that the railroad men here generally used it, but I wouldn't say the Company had it in general use. I testified at the preliminary examination that the Minor brake was in general use. I am not denying that fact."

The plaintiff, however, contends that the brake was defective because when he caught hold of the wheel thereof as he slipped and fell, the wheel turned to the left and let him down, instead of remaining fixed and furnishing him a stationary object to which to hold. The turning of the brake wheel to the left when the weight of the plaintiff was thrown on it cannot be held for evidence of defect in the brake when it is alleged in the complaint and admitted in the answer that on a Minor brake, such as is here involved and such as is in general and approved use, "a light pull to the left, after the brake had been set, would cause the wheel to turn to the left, partially releasing the brake." According to plaintiff's own allegation and testimony there was nothing unusual about the brake wheel on a Minor brake turning toward the left, it was designed so to function. The plaintiff testified: "The gradual release (of the brake) is accomplished by turning the wheel back, counter-clockwise. Turning it to the left gradually releases it. The wheel is what you turn. . . . The only way to release this brake gradually is to pull the wheel over to the left as you face the wheel."

The plaintiff describes how he came to fall in the following language: "When my foot slipped, my whole weight came right down on that brake wheel, pulling it to the left. I had the brake wheel at the top, and hold of it at the top with my right hand. The brake wheel gave away with me and turned. The brake wheel, in turning, came down as my body came down to where I could not hold it. I couldn't say whether it was at the bottom of the turn I couldn't hold it, but it come on down towards the bottom. I don't know at just what point I lost my grip. I testified at a preliminary examination before this trial that the brake wheel did not spin, and that is the truth."

In turning to the left the brake wheel was functioning in the manner and way it was designed to function, and in so doing instead of evidencing any defect in the mechanism it was evidencing proper design and construction.

We are constrained to hold that the ruling of his Honor in granting the defendant's motion for a judgment as in case of nonsuit when the plaintiff had introduced his evidence and rested his case was correct, and his judgment accordant therewith is, therefore,

Affirmed.